UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONNIE WASHINGTON,
    *Petitioner*,

v.

USA,
    *Respondent*.

No. 3:17-cv-00101 (JAM)

**RULING AND ORDER OF TRANSFER**

Petitioner Ronnie Washington was charged in this Court with conspiracy to possess with intent to distribute crack cocaine. He pled guilty, and the Court (Burns, *J.*) imposed a 20-year prison sentence, based in part on the finding that petitioner was a career offender. *See* 3:10-cr-227-JAM-35, Doc. #813 at 22. He is currently confined at McKean federal correctional institution in Bradford, Pennsylvania. Petitioner now files a second *pro se* petition to correct his sentence pursuant to 28 U.S.C. § 2255.

In January 2014, petitioner brought a *pro se* petition challenging his sentence under section 2255, in which he argued, among other things, that the Court had erred in finding his earlier state court convictions to be predicate offenses under the U.S. Sentencing Guidelines' "career offender" provisions. *See United States v. Washington*, 2014 WL 2566068 (D. Conn. 2014) (Burns, *J.*). The Court evaluated this petition on the merits and ultimately denied it. *Ibid.* In May 2016, petitioner sought permission from the Second Circuit to file another motion under section 2255 in this Court; the Second Circuit denied his request. *See* 3:14-cv-114-EBB Doc. #5 (D. Conn.); *Washington v. United States*, No. 16-1477 (2d Cir. 2016).

In January of this year, petitioner filed the present motion under section 2255. Doc. #1. This petition raises distinct claims from those petitioner raised in his request to the Second Circuit last year. The current petition centers on the effect that *Mathis v. United States*, 136 S.

1

Ct. 2243 (2016) may have on the validity of petitioner's sentence. *Mathis* was handed down on June 23, 2016, after petitioner filed his request in the Second Circuit. *See Washington*, No. 16-1477 (2d Cir.).

Petitioner may not bring this claim before again seeking approval in the Second Circuit. Before a petitioner may bring a "second or successive" habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A petition is considered "second or successive" when an earlier petition was decided "on the merits." *See Murray v. Greiner*, 394 F.3d 78, 80–81 (2d Cir. 2005).

This habeas petition is "second or successive" because petitioner's first federal habeas petition was decided on the merits. *See United States v. Washington*, 2014 WL 2566068. Petitioner has not attached authorization from the Second Circuit to file a second or successive petition in the district court. When a petitioner files an unauthorized second or successive federal habeas petition in the district court, the district court is required to transfer that petition to the court of appeals. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).

Accordingly, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit for consideration whether the claims raised in this petition should be considered by this Court.

It is so ordered.

Dated at New Haven, Connecticut this 17th day of March 2017.

                                                 /s/ *Jeffrey Alker Meyer*
                                                 Jeffrey Alker Meyer
                                                 United States District Judge